IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEKAYI R. WHITE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | No. 2:21-CV-0118-JAM-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's motion, ECF No. 18, for leave to file a first amended complaint. Plaintiff has submitted a proposed first amended complaint with his motion, ECF No. 19.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of

judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, leave of Court is required because Plaintiff's motion for leave to amend was filed more than 21 days after service of Defendants' motion to dismiss.  In his motion, Plaintiff seeks leave to amend "to include matters from the record of proceedings."  ECF No. 18.  Plaintiff's one-page motion does not, however, address why Plaintiff could not have sought leave to amend earlier.  Accordingly, Plaintiff's motion for leave to amend is denied and the proposed first amended complaint at ECF No. 19 is stricken.  Defendants' motion to dismiss the original complaint will be addressed by separate findings and recommendations.

IT IS SO ORDERED.

Dated:  June 10, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE