**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

SEKAYI R. WHITE,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

No. 2:21-CV-0118-JAM-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil action. Pending before the Court are Defendants' motion to dismiss, ECF No. 14, Plaintiff's opposition, ECF No. 17, and Defendants' reply, ECF No. 20.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the United States of America and the Federal Deposit Insurance Corporation (FDIC) as Defendants. See ECF No. 1, pg. 1. Plaintiff states three claims, (1) breach of contract, (2) fraud), and (3) conversion. See id. at 8. These claims arise out of the following facts:

/ / /

/ / /

/ / /

"On February 28, 2007, Plaintiff deposited $60,000 in a 'Platinum Savings Account' earning 3.10% interest in the bank [Washington Mutual Bank (WAMU)]." Id. at 5. "Only Plaintiff White could make withdrawals." Id.

"On April 1, 2007, Plaintiff was arrested and jailed in the Orange County Jail in California. Plaintiff wrote [WAMU] in April, 2007, that he was in the Orange County Jail and that he would remain in jail for at least several months." Id. "Plaintiff asked bank to send all his account statements to his jail address." Id. After [WAMU] failed to reply, "Plaintiff mailed several more written notifications to bank that Plaintiff was in Orange County Jail and included in each notification a request that bank mail all bank statements to Plaintiff at his Orange County Jail address." Id.

On January 3, 2009, Plaintiff finally received a statement from the bank showing that all of Plaintiff's money had been withdrawn from his bank account. See id. Plaintiff states that "[a]t no time did Plaintiff authorize anyone, whether in writing or orally to withdraw money from Plaintiff's bank account. At no time did Plaintiff authorize bank or bank to allow anyone other than Plaintiff to withdraw money from Plaintiff's bank account." Id.

WAMU then went into bankruptcy, and Defendant bought the bank and sold all the bank's assets to Chase Bank. See id. However, "Defendant retained all liabilities of bank." Id. at 6.

Plaintiff states that an excerpt of the contract opening Plaintiff's bank account at issue that Defendant wrote and Plaintiff signed provides:

> Instructions to permit withdrawal upon more than one signature apply only to checks and in-person transactions taking place in a branch. Other withdrawal or transfer may be paid on the authorization of any one signer notwithstanding any instructions to the contrary, or, at its option, Bank may refuse such transaction and require joint written instructions. Without limiting the foregoing, funds in the account may be paid for accounts authorized for such: (a) upon checks, receipts, orders or drafts signed in Depositor's or agent's name by the prescribed number of authorized persons as set for above; . . . .

Id. at 7.

///

## II. STANDARD OF REVIEW

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

/ / /

/ / /

1         In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants.  It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers."  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation marks omitted; brackets in original).  The rule, however, "applies only to a plaintiff's factual allegations."  See Neitzke v.Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**III. DISCUSSION**

Defendants move to dismiss Plaintiff's claims (1) for lack of jurisdiction as to each claim and (2) in the alternative, Plaintiff's claim is barred because Plaintiff failed to present a timely administrative tort claim and/or Plaintiff failed to timely file suit in federal court after the denial of Plaintiff's administrative tort claim. See ECF No. 14-1, pgs. 5-9.

A. Jurisdiction over FDIC

Plaintiff contends "This is a tort complaint . . . ." ECF No. 1, pg. 1. However, the FTCA [Federal Tort Claims Act] is the "exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. Although such claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself (such as the FDIC) cannot be sued under the FTCA." F.D.I.C. v. Craft, 157 F.3d 697, 706 (9th Cir. 1998) (citing Shelton v. United States Customs Service, 565 F.2d 1140, 1141 (9th Cir. 1977)). Consequently, all claims attempted here against the FDIC and sounding in tort are dismissed for lack of jurisdiction.

B. Jurisdiction over Breach of Contract Claim

1. Breach of Contract Claim against the United States

The United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Tobar v. United States, 639 F.3d 1191, 1195 (9th Cir. 2011). The FTCA waives sovereign immunity of the United States for tort claims. See 28 U.S.C. § 2674; see also Sumner Peck Ranch, Inc. v. Bureau of Reclamation, 823 F. Supp. 715, 740 (E.D. Cal. 1993). "[I]t would defeat the intent of Congress to allow a Plaintiff to sue the United States in tort on its breach of contract." Sumner Peck Ranch, Inc., 823 F. Supp at 739. "[B]reach of contract claims which seek recovery of more than $10,000 [are] to be brought in the Claims Court." Id.

Here, Plaintiff is seeking damages in the amount of $65,202.51 for, inter alia, breach of contract against the United States. Thus, this claim does not fall under the FTCA. This Court does not have jurisdiction of Plaintiff's claim against the United States for breach of

contract. Therefore, the Undersigned recommends dismissing Plaintiff's breach of contract claim as against the United States.

### 2. Breach of Contract Claim against the FDIC

Where a plaintiff alleges that the FDIC, and not the assuming bank, breached a contract as a receiver, the case falls under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA). See Benson v. JPMorgan Chase Bank, N.A., 673 F.3d 1207, 1214 (9th Cir. 2012). "Under FIRREA, a claimant must sue in the district court 'within which the [failed bank's] principal place of business is located or the United States District Court for the District of Colombia . . . .'" MTB Enterprises, Inc. v. ADC Venture 2011-2, LLC, 780 F.3d 1256, 1258 (9th Cir. 2015) (quoting 12 U.S.C. § 1821(d)(6)(A)(ii)).

Here, Plaintiff files suit in the Eastern District of California. The bank at issue is Washington Mutual Bank, N.A. (WAMU). See ECF No. 1, pg. 1. WAMU's principal place of business is Seattle, Washington. See Federici v. Monroy, 2010 WL 1463489, at *4 (N.D. Cal. April 12, 2010). Other than the United States District Court for the District of Columbia, the only court with jurisdiction over Plaintiff's breach of contract claim against FDIC is the Western District of Washington. Therefore, the Undersigned recommends dismissing Plaintiff's breach of contract claim as against the FDIC.

### C. Jurisdiction over Fraud Claim

The FTCA waives sovereign immunity with respect to tort liability, but it "d[oes] not waive the sovereign immunity of the United States in all respects," for Congress "was careful to except . . . several important classes of tort claims." Chadd v. United States, 794 F.3d 1104, 1108 (9th Cir. 2015) (quoting United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984)). Among these exceptions is the "misrepresentation exception." See 28 U.S.C. § 2680(h).

The misrepresentation exception retains the sovereign immunity of the United States for "[a]ny claim arising out of . . . misrepresentation" or "deceit." 28 U.S.C. § 2680(h). Under this provision, "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred." Owyhee Grazing Ass'n, Inc. v. Field, 637 F.2d 694, 697 (9th Cir.

1981); see also Leskinen v. U.S. Dep't of Agric., 2018 WL 3014149, at *2 (E.D. Cal. June 14, 2018).

Plaintiff brings suit against the United States for fraud. However, as discussed above, the United States has not waived its sovereign immunity with respect to claims of fraud. Therefore, the Undersigned recommends dismissing Plaintiff's fraud claim against the United States.

### D. Jurisdiction over Conversion Claim

"[I]n the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional. . . . That means a plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law both to survive a merits determination under Rule 12(b)(6) and to establish subject-matter jurisdiction." Brownback v. King, 141 S. Ct. 740 (2021). "As it has developed in California, [conversion] comprises three elements: '(a) plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages.'" Voris v. Lampert, 446 P.3d 284, 290 (Cal. 2019) (quoting 5 Witkin, Summary of Cal. Law (11th ed. 2017) Torts, § 810, pg. 1115).

Here, Plaintiff fails to allege that the United States disposed of Plaintiff's property, or, least of all, that the United States ever had possession or control over Plaintiff's property. Plaintiff alleges that on January 3, 2009, he received a statement from the bank that all of Plaintiff's money had been withdrawn. See ECF No. 1, pg. 5. At some point after the notice of withdrawal, the bank went into bankruptcy. See id. Only after the withdrawal and the bankruptcy did Defendant United States buy the bank. See id. Plaintiff does not allege that Defendant United States withdrew Plaintiff's funds. Plaintiff does not even allege who withdrew Plaintiff's funds. Plaintiff merely alleges that the FDIC converted Plaintiff's property "as insurer of deposited funds". See id. at 8. However, Plaintiff never alleges that Defendant was ever in possession or control of Plaintiff's funds. Therefore, the Undersigned recommends dismissing Plaintiff's claim for conversion as to the United States.

Plaintiff's conversion claim could be amended to be cognizable; however, as

7

discussed below, Plaintiff's claim is time barred.

### E. Statute of Limitations

Defendants argue that Plaintiff is time-barred as to his FTCA claims. Plaintiff argues in response that equitable tolling is in order.

A tort lawsuit against the United States is "forever barred unless" (1) "it is presented in writing to the appropriate Federal agency within two years after such claim accrues" and (2) "unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." See 28 U.S.C. § 2401(b); see also Dyniewicz v. United States, 742 F.2d 484, 485 (9th 1984). "If either requirement is not met, suit will be time barred." Dyniewicz, 742 F.2d at 485.

#### 1. Two-Year Bar

"As a general rule, a claim accrues 'when a plaintiff knows or has reason to know of the injury which is the basis of his action.'" Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008) (citing Gibson v. United States, 781 F.2d 1334, 1344 (9th Cir. 1986)). The Ninth Circuit has stated that a plaintiff's ignorance of the involvement of United States employees is irrelevant to determining when a plaintiff's claim accrues. See Hensley v. United States, 531 F.3d 1052, 1057 (9th Cir. 2008) (citations omitted). Additionally, the Supreme Court has stated the following:

> A plaintiff . . . , armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

Id. at 1056 (quoting United States v. Kubrick, 444 U.S. 111, 123 (1979)).

Here, Plaintiff's claims accrued on January 3, 2009, when Plaintiff allegedly learned that funds had been withdrawn from his account without his authorization. See ECF No. 1, pg. 5. Plaintiff did not present an administrative tort claim to FDIC until 2019. See id. at 2. Therefore, Plaintiff did not meet the two-year deadline. Unless equitable tolling applies, Defendants' motion should be granted.

8

## 2. Equitable Tolling

"[L]ong settled equitable-tolling principles" instruct that "'[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way.'" Credit Suisse Sec. (USA) LLC v. Simmonds, 132 S. Ct. 1414, 1419 (2012) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The Supreme Court treats "the two requirements as distinct elements" and rejects "requests for equitable tolling where a litigant failed to satisfy one without addressing whether he satisfied the other." Menominee Indian Tribe of Wisconsin v. United States, 577 U.S. 250, 256 (2016).

"As to the first element, '[t]he standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief. It requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances.'" Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011)). "Central to the analysis is whether the plaintiff was 'without any fault' in pursuing his claim." Kwai Fun Wong, 732 F.3d at 1052 (citing Fed. Election Comm'n v. Williams, 104 F.3d 237, 240 (9th Cir. 1996)).

"With regard to the second showing, 'a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.'" Kwai Fun Wong, 732 F.3d at 1052 (quoting Holland v. Florida, 560 U.S. 631, 651 (2010)). A litigant must show that "extraordinary circumstances were the cause of his untimeliness and . . . ma[de] it impossible to file [the document] on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). Accordingly, "[e]quitable tolling is typically granted when litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control." Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008).

Additionally, "[w]hile there are certain leniencies for pro se litigants, adhering to statutes of limitation is not one of them." Garcia v. Kernan, 2018 WL 985373, at *9 (S.D. Cal. Feb. 20, 2018) (citing Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995)).

///

Plaintiff's claims accrued in 2009.  See ECF No. 1, pg. 5.  Plaintiff did not file suit against anyone as to these claims until 2016.  See id. at 6.  Plaintiff fails to show that he was diligently pursuing his rights between 2009 and 2016, the relevant timeline as to the two-year deadline.  Plaintiff only argues that he was diligent as to the six-month deadline.  But Plaintiff needed to demonstrate why he is entitled to equitable tolling as to the two-year deadline.  Therefore, Plaintiff is not entitled to equitable tolling.  Defendants' motion should be granted.

Even assuming that Plaintiff has been pursuing his rights diligently, Plaintiff fails to meet the second element as well.  Plaintiff's excuse for not meeting the two-year deadline is entirely based on Plaintiff's lack of knowledge that the United States and the FDIC were the proper defendants.  As mentioned above, a plaintiff's ignorance of the involvement of United States employees does not toll statutes of limitations.  See Hensley, 531 F.3d at 1057.

## IV. CONCLUSION

Based on the foregoing, the Undersigned recommends that:

1. Defendants' motion to dismiss be granted as to each claim and
2. Plaintiff's complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 27, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE